**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIE McNEAL,**

**Petitioner,**

**vs.**                                                        **Case No. 4:07cv209-RH/WCS**

**FLORIDA PAROLE COMMISSION,**

**Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DENY § 2254 PETITION**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Doc. 1 with supporting exhibits.  The Florida Parole Commission (the Commission) filed

a response to the petition with supporting exhibits.  Doc. 5.  References to exhibits are

to those supplied by Petitioner with doc. 1 unless otherwise noted.  Petitioner filed a

reply.  Doc. 6.

**Procedural History**

Petitioner challenges the revocation of his parole by the Commission.  By way of

background, Petitioner was sentenced to natural life in 1980, to serve a minimum of 25

years to be eligible for parole, for the first degree murder of Willie Charles Offord by

shooting him with a shotgun.  Doc. 5, Ex. A (pp. 22-27 in the electronic case filing
system, ECF).  This offense "occurred during a bar room fight."  Ex. C, p. 3 (statement
by Petitioner's parole officer).

On October 12, 2004, Petitioner was released on parole to be under supervision
for life.  Doc. 5, Ex. B (pp. 28-29); Ex. C (statement by Petitioner's parole officer).  He
spent the first six months on community control, and was transferred to regular parole
on April 12, 2005.  Ex. C, p. 3.  On September 5, 2005, Petitioner used alcohol to
excess, was driving under the influence of alcohol (DUI), and operating a vehicle
generating a level of sound in excess of prescribed limits; he was subsequently found
guilty of DUI.  Ex. C, pp. 2-3.

At Petitioner's parole revocation hearing on January 26, 2006, there was no
direct testimony as Petitioner admitted to the charges as alleged.  Ex. C, p. 1.  The
parole examiner set forth summaries of statements made in mitigation, by Petitioner, his
wife, his father and mother in law, his brother in law, and his supervising parole officer.
*Id.*, pp. 2-3.  The supervising officer had no objection to reinstatement to parole
supervision, and said that Petitioner had maintained a good attitude and was respectful
during his supervision.  *Id.*, p. 3.  He said Petitioner's residence and employment were
stable, and he had complied with the requirement of attending two Alcoholics
Anonymous meetings per week.

The hearing examiner found Petitioner guilty of three allegations of violation
based on his admission to the charges, and guilty of the fourth allegation as he was
"prohibit[ed] from re-litigating issues which have been resolved against him in a prior

proceeding such as a criminal trial." *Id.*, pp. 3-4.[1]  The same hearing examiner denied

Petitioner release on his own recognizance pending a revocation determination, based

on new criminal charges and no special circumstances.  Doc. 5, Ex. F, p. 3 (p. 55 in

ECF).

> The recommendation of the examiner was as follows:
>
> Recommend reinstate to 1 year Community Control, followed by regular
> parole supervision.  This individual served a lengthy period of time in
> prison and this is his first violation warrant on this parole supervision term.
> He has received 9 months probation through the court for his DUI and it is
> being recommended that parolee McNeal be allowed to return to
> supervision, with a requirement to complete outpatient substance
> counseling.

Ex. C, p. 4.

The Commission found Defendant guilty of the violations, noting that on January

26, 2006, Petitioner "admitted the charge of violating his parole release and was given

an opportunity to present evidence in mitigation on his behalf."  Doc. 5, Ex. G, pp. 2-3

(pp. 97-98 in ECF).[2]  Finding these violations of the specified conditions, the

Commission "deems it for the best interests of society and the parolee, that Willie L.

McNeal be returned to the custody of the Superintendent of the State Prison, there to

---

[1] The summary provides that Petitioner admitted guilt as to the conviction but
denied the underlying behavior.  Ex. C, p. 1.

[2] Petitioner provided a copy of one page of the revocation as Ex. D, identical to
doc. 5, Ex. G, p. 2 (p. 97 in ECF).  Since both pages of the revocation were provided by
Respondent, the court references that exhibit.  The second page was apparently on the
reverse side of the first, which provides "Continued On Back."  Doc. 5, Ex. G, p. 2
(identical to Petitioner's Ex. D).  Doc. 5, Ex. G, p. 1 is the cover letter dated March 8,
2006, sent to Petitioner with the revocation.

remain not to exceed his/her sentence or until further order of the Commission." *Id.*, p. 2 (p. 97 in ECF).

Petitioner challenged the parole revocation in state court by petition for writ of mandamus.  Ex. E.  The state court denied relief, and was affirmed on appeal.  Exs. A and B.

## § 2254 Claims

In ground one of the § 2254 petition, Petitioner claims a violation of due process as the hearing examiner recommended reinstatement of parole and the Commission rejected the recommendation.  Doc. 1, pp. 4-4b.  Petitioner alleges that the Commission failed to provide a separate hearing prior to its rejection of the recommendation, and failed to provide a statement of reasons explaining its rejection of the recommendation and the necessity of revocation.  Doc. 1, p. 4b.  *See also* doc. 6, pp. 8-10 (arguing that due process required Commission to provide written reasons why revocation was necessary).

In ground two, Petitioner claims he was denied meaningful review of his federal claims in state court.  *Id.*, p. 4.  He asserted in state court that in rejecting the recommendation of reinstatement, the Commission "stripped the final revocation hearing" – *i.e.*, the hearing held before the examiner – "of all meaning."  *Id.*, p. 4c.  He argues that the abuse of discretion standard applied by the state court avoided the due process issue, and that the Commission's assertion of complete discretion violated Florida and federal law.  *Id.*, pp. 4d-4e.  With those and other legal errors, Petitioner

concludes that the state courts failed to apply the law governing due process requirements in parole revocation.  *Id.*, p. 4e.

**Legal Analysis**

As recognized in <u>Morrissey v. Brewer</u>, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), due process protections apply to the revocation of parole.  There are two steps to the revocation decision: the factual question of whether the parolee actually violated one or more conditions of parole, and (if so) whether he should be recommitted to prison.  *Id.*, at 479-480, 92 S.Ct. at 2599.

> The second question involves the application of expertise by the parole authority in making a prediction as to the ability of the individual to live in society without committing antisocial acts.  This part of the decision, too, depends on facts, and therefore it is important for the board to know not only that some violation was committed but also to know accurately how many and how serious the violations were.  *Yet this second step, deciding what to do about the violation once it is identified, is not purely factual but also predictive and discretionary.*

*Id.*, at 480, 92 S.Ct. at 2599-2600 (emphasis added).

Due process requires a final revocation hearing, if desired by the parolee, which "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation."[3]  *Id.*, at 488, 92 S.Ct. at 2603. The parolee should have the opportunity to be heard and show that he did not violate parole or, if he did, that the violation does not warrant revocation.  *Id.*

At the revocation hearing, due process requires:

---

[3] The Court in <u>Morrissey</u> discussed the process due a parolee on arrest, in determining whether there was probable cause to believe a violation had occurred, and at a final revocation hearing.  *Id.*, at 485-488, 92 S.Ct. at 2602-04.  Petitioner here does not raise any claim regarding the arrest or preliminary hearing.

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and statements and reasons for revoking parole.

408 U.S. at 489, 92 S.Ct. at 2604.  This is not equivalent to a criminal prosecution, and

"the process should be flexible enough to consider evidence including letters, affidavits,

and other material that would not be admissible in an adversary criminal trial." *Id.*

FLA. STAT. § 947.23(6) provides that "[w]ithin a reasonable time after the hearing,

the commissioner, commissioners, or duly authorized representative of the commission

who conducted the hearing shall make findings of fact in regard to the alleged parole

violation."  If three or more commissioners conduct the hearing the majority enters an

order determining whether parole was violated, and by such order shall revoke parole,

or reinstate it, or enter such order as appropriate.  § 947.23(6)(a).

If the hearing conducted by less than three commissioners or by a duly

authorized representative, as was the case here, then:

at least two commissioners shall enter an order determining whether or not the charges of parole violation have been sustained, *based on the findings of fact* made by the commissioner, commissioners, or duly authorized representative of the commission.  The commissioners, by such order, shall revoke the parole and return the parolee to prison to serve the sentence theretofore imposed upon her or him, reinstate the original order of parole, order the placement of the parolee into a community control program as set forth in s. 948.101, or enter such other order as is proper.

§ 947.23(6)(b) (emphasis added).

Case No. 4:07cv209-RH/WCS

As summarized by the Middle District of Florida,

> [T]he FPC [Florida Parole Commission] must make its decision based on
> the factual findings of its authorized representative, the hearing examiner.
> The FPC cannot disregard a hearing examiner's factual findings and
> substitute its own, where the hearing examiner's findings are supported by
> competent, substantial evidence and it is a "departure from the essential
> requirements of law " for a court to affirm a decision of the FPC under
> these circumstances.

Collins v. Hendrickson, 371 F.Supp.2d 1326, 1328 (M.D. Fla. 2005) (collecting Florida

cases).  There the court found a due process violation, and that the state court's

adjudication of the claim was contrary to or an unreasonable application of federal law

for purposes of § 2254(d)(1), as the Commission rejected the factual findings of the

hearing examiner which were supported by competent, substantial evidence.  *Id.*, at

1329.  *See also* 371 F.Supp.2d at 1345-51 (report and recommendation as adopted by

the district judge, further discussing this claim).

In denying relief on Petitioner's claim, the state court noted that the Commission

could not reject a factual finding that the parolee did not willfully violate the conditions of

supervision.  Ex. A, pp. 2-3, *quoting* Ellis v. Florida Parole Commission, 911 So.2d 831,

832-833 (Fla. 1st DCA 2005).  The court found that here "the hearing examiner did not

find that the plaintiff's violations of the law were not willful," but "accepted plaintiff's

admission of guilt, made findings of fact and entered separate findings of guilt as to

each of the four allegations."  *Id.*, p. 2.[4]  The court also distinguished Mabry v. Florida

---

[4] *See also* Lopez v. Florida Parole Commission, 943 So.2d 199, 199 -200 (Fla.
1st DCA 2006) (no due process vilation where Commission accepting hearing
examiner's finding of guilt on parolee's admission but elected to revoke conditional
release, distinguishing Ellis).

Parole Commission, 891 So.2d 1164 (Fla. 2d DCA 2005), in which the Commission had

reevaluated the factual evidence to reach a different conclusion.  *Id.*, pp. 3-4.

> In this case, the FPC did not reweigh or reevaluate the evidence
> presented to the parole hearing examiner.  Moreover, the FPC did not
> reach a different factual conclusion than the examiner.  The FPC merely
> did not follow the examiner's recommendation that plaintiff be reinstated to
> parole supervision.

*Id.*, p. 4.  "Because the revocation of plaintiff's parole was a permissible discretionary

action by the FPC notwithstanding the examiner's recommended disposition," the court

would not disturb it.  *Id.*, p. 5.

Petitioner contends in reply that the Commission must set forth reasons why it is

rejecting the recommendation of reinstatement.  There is no clearly established federal

law which requires this, or that requires that the hearing described in Morrissey be

conducted only by those who also have the discretion to revoke or reinstate parole.[5]  *Cf.*

Black v. Romano, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985)

(though they set forth minimum procedures required by due process, neither Morrissey

nor Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)[6] "purports

to restrict the substantive grounds for revoking probation or parole.").  "This Court has

not held that a defendant who is afforded these opportunities [to show that he did not

---

[5] For a claim adjudicated on the merits in state court, habeas corpus relief is only available if the adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254 (d)(1) and (2).

[6] In Gagnon, the Court applied the rationale of Morrissey to probation revocation proceedings.

violate conditions or, if he did, that revocation is not appropriate] is also entitled to an

explicit statement by the factfinder explaining why alternatives to incarceration were not

selected."  471 U.S. at 612, 105 S.Ct. at 2258.  There is no "general requirement that

the factfinder elaborate upon the reasons for a course not taken . . . ."  *Id.*, at 613, 105

S.Ct. at 2258-59 (citations omitted).

       In <u>Romano</u>, state law required the trial judge to make independent findings and

conclusions apart from the recommendation of the probation officer, and "[w]e must

presume that the state judge followed Missouri law and, without expressly so declaring,

recognized his discretionary power to either revoke or continue probation."  *Id.*, at 615,

105 S.Ct. at 2260 (citation omitted).  Revocation must only be a rational response to the

violation, "such as to make it logical for the State to conclude that its initial decision to

choose probation rather than imprisonment should now be abandoned."  *Id.*, at 620-623,

105 S.Ct. at 2262-63 (J. Marshall, concurring).

       The hearing examiner gave Petitioner the opportunity to be heard and to show

(since he admitted the violations) that violation of conditions did not warrant revocation.

This was all summarized by the parole examiner, who then recommended

reinstatement to parole.  The Commission reviewed the summary of testimony and

findings of the examiner, found Petitioner in violation, and made the predictive and

discretionary determination that he should not be reinstated but returned to prison.

       This was not an irrational or indefensible response to the uncontested violations

of conditions.  Petitioner served 25 years for shooting someone to death with a shotgun.

Though it is not clear on the record that Petitioner used alcohol when he committed the

murder, according to the parole officer it was committed in the context of a bar fight, and there was obviously some prior issue with alcohol to warrant the requirement that Petitioner attend two AA meetings per week as a condition of his parole.  After paroled for less than a year (and on regular parole for only five months), Petitioner was found driving under the influence of alcohol, with his vehicle generating excessive noise.  Driving under the influence is a serious offense.  Just as it could have reasonably concluded that another chance was appropriate, the Commission could reasonably conclude, in its discretion, that the decision to allow release to parole should be abandoned at the present in light of the record and Petitioner's violations.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging the revocation of Petitioner's parole by the Florida Parole Commission, be **DENIED** with prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2008.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**